ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Precision Metals Corp. | ) ASBCA No. 61422 |
| | ) |
| Under Contract No. SPE7L1-15-M-2140 | ) |

APPEARANCE FOR THE APPELLANT:     Mr. Tony Figlozzi
                                  Vice President

APPEARANCES FOR THE GOVERNMENT:   Daniel K. Poling, Esq.
                                   DLA Chief Trial Attorney
                                  Matthew O. Geary, Esq.
                                   Trial Attorney
                                   DLA Land and Maritime
                                   Columbus, OH

### OPINION BY ADMINISTRATIVE JUDGE YOUNGER
### ON THE GOVERNMENT'S MOTION TO DISMISS

DLA Land and Maritime Land Supply Chain (the government) moves to dismiss this appeal, arguing that appellant, Precision Metals Corp. (Precision or appellant), failed to submit a timely appeal as required by the Contract Disputes Act, 41 U.S.C. § 7104(a). Appellant opposes the motion. We grant the government's motion and dismiss the appeal for lack of jurisdiction.

### STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

1. On 16 July 2015, the government awarded Contract No. SPE7L1-15-M-2140 to Precision for the purchase of "leg, machine gun bipod, left hand" parts. The total award amount of the contract was $22,440.00. (Gov't mot., ex. 1)

2. The contract contained various standard clauses, including Federal Acquisition Regulation (FAR) 52.209-3, FIRST ARTICLE APPROVAL – CONTRACTOR TESTING (SEP 1989), which provided, in paragraph (b), that the contractor "shall submit the first article test report within 280 calendar days from the date of this contract," a date elsewhere specified as 21 April 2016; FAR 52.233-1, DISPUTES (MAY 2014); and FAR 52.249-8, DEFAULT (FIXED-PRICE SUPPLY AND SERVICE) (APR 1984) (R4, tab 1 at 11, 17, 20-21).

3. The contract was modified twice during performance, including once by Modification No. P00001, dated 12 May 2016, to extend the first article test delivery date to 12 August 2016 (gov't mot., exs. 2-3).

4. By letter dated 13 March 2017, the government issued a show cause notice to Precision, asserting that the first article test had not been delivered by the modified delivery date (incorrectly stated to be 2 August 2016), and Precision had not requested a new delivery date (gov't mot., ex. 4).

5. By letter dated 22 March 2017, Precision indicated that it would deliver the materials by 10 May 2017 (gov't mot., ex. 5 at 2).

6. In a letter to Precision dated 3 April 2017, the contracting officer stated that he would forbear from terminating the contract until 10 May 2017, to allow delivery of the first article test report (gov't mot., ex. 6 at 2). The contracting officer warned, however, that if the first article test report were not delivered by that date, "the [contract] may be terminated in accordance with the default clause" (*id.*).

7. By final decision dated 12 May 2017, the contracting officer terminated the contract for default following Precision's failure to deliver the first article test report by 10 May 2017 (gov't mot., ex. 8 at 3-4). The final decision included an advice of rights (*id.* at 4). The contracting officer emailed the final decision to Amy Pitarra, contracts administrator at Precision, the same day, and included a read receipt. The read receipt stated that the email was read by Ms. Pitarra on 12 May 2017 at 3:24 pm. (Gov't mot., exs. 8-9)

8. By email dated 15 May 2017, Precision requested reconsideration of the final decision (gov't mot., ex. 10 at 1-2). We find no evidence of any subsequent communication between the parties until Precision filed its notice of appeal.

9. Precision filed a notice of appeal with the Board by email dated 21 November 2017, and the Board thereafter docketed the appeal as ASBCA No. 61422.

## DECISION

The government's core argument in its motion to dismiss is that the Board lacks jurisdiction over this appeal because Precision did not file its notice of appeal within the 90-day statutory period from receipt of the termination notification (Respondent's Motion to Dismiss (motion) at 2-3). For its part, Precision asserts that the government terminated the contract despite the fact that the parts were ready for inspection (Bd. corr. ltrs. dtd. 12 December 2017, 22 January 2018). Precision also requests a no-cost cancellation in lieu of the termination for default at issue here and marshals equitable considerations in support of its position (*id.*).

2

We conclude that we lack jurisdiction over this appeal. It is familiar that, under the Contract Disputes Act (Act), a contracting officer's final decision "is not subject to review by any...tribunal...unless an appeal...is timely commenced." 41 U.S.C. § 7103(g). In turn, the Act defines timely commencement to be bringing an appeal to the Board "within 90 days from the date of receipt of a contracting officer's decision." 41 U.S.C. § 7104(a). Numerous decisions give effect to this time limitation, treating it as jurisdictional. *E.g.*, *Cosmic Construction Co. v. United States*, 697 F.2d 1389, 1390-91 (Fed. Cir. 1982) (holding that the 90-day deadline "is thus part of a statute waiving sovereign immunity, which must be strictly construed" and "which defines the jurisdiction" of the Board); *Decker & Co. v. West*, 76 F.3d 1573, 1578 (Fed. Cir. 1996) (citing *Cosmic* where appeal was filed almost two years after the notice of termination for default and holding that the "90-day appeal deadline is jurisdictional and cannot be waived"); *Bushra Co.*, ASBCA No. 59918, 16-1 BCA ¶ 36,355 at 177,238 (holding that timeliness of appeal "is a matter of the Board's jurisdiction" and "must be brought before the Board within 90 days of that decision being received by the contractor"); *Mansoor International Development Services*, ASBCA No. 58423, 14-1 BCA ¶ 35,742 at 174,925 (reciting that Board "may only exercise jurisdiction over an appeal filed 'within 90 days from the date of receipt of a contracting officer's decision'" under 41 U.S.C. § 7104(a)).

The evidence shows that the contracting officer sent Precision the termination notice by email on 12 May 2017, and the evidence also shows that Ms. Pitarra opened the email the same day (statement 7). Taking 12 May 2017 as the receipt date, Precision would have been required to file a timely appeal 90 days later, or by 10 August 2017. Appellant did not file this appeal until 21 November 2017, well outside the 90-day statutory period set forth in the Act for appeals to the Board.

We also conclude that the contracting officer did not reconsider the decision. It is familiar that the finality of a contracting officer's decision may be vitiated by subsequent action that lead the contractor reasonably to conclude that the decision was being reconsidered. *E.g.*, *Sach Sinha and Associates, Inc.*, ASBCA No. 46916, 95-1 BCA ¶ 27,499 at 137,041-42 (holding finality of default termination was vitiated where, after issuing decision, contracting officer met with contractor, discussed termination, and requested written settlement alternatives). The test is "whether the contractor has presented evidence showing it reasonably or objectively could have concluded that the [contracting officer's] decision was being reconsidered." *Id.* at 137,042. As we have found, there is no evidence of communication, much less discussion of reconsideration, after Precision submitted its 15 May 2017 request (statement 8). That leaves only the request itself, but a request is not tantamount to reconsideration tolling the 90-day deadline. *E.g.*, *Propulsion Controls Engineering*, ASBCA No. 53307, 01-2 BCA ¶ 31,494 at 155,508 (holding it "unreasonable to conclude that a contracting officer is reconsidering a final decision simply as a result of a request to do so").

3

In opposing the motion, Precision stresses equitable considerations relating chiefly to family difficulties and other considerations to justify setting aside the default. But the Federal Circuit has held that such considerations are irrelevant to compliance with the 90-day deadline for appealing to the Board. *Cosmic*, 697 F.2d 1390-91. The government's motion is granted and the appeal is dismissed for lack of jurisdiction. Appellant's attention is directed to the deadline for filing appeals in the Court of Federal Claims.

## CONCLUSION

The government's motion is granted and the appeal is dismissed for lack of jurisdiction.

Dated: 16 April 2018

ALEXANDER YOUNGER
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

4

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61422, Appeal of Precision Metals Corp., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
